**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DELMART E.J.M. VREELAND, II,

    Plaintiff - Appellant,

v.

INVESTIGATOR RICHARD WREN,
Office of the Inspector General, CDOC;
INVESTIGATOR SANCHEZ, Office of
the Inspector General, CDOC;
SERGEANT J. HANSEN, Fremont
Correctional Facility, CDOC; PROPERTY
OFFICER MCCLEAN, Fremont
Correctional Facility, CDOC; OFFICER
BUSTAMANTE, Fremont Correctional
Facility, CDOC; GARY CASSIO, CDOC;
SUPERVISOR OR DIRECTOR OF THE
COLORADO DEPARTMENT OF
CORRECTIONS INMATE CANTEEN
SERVICES OR INDUSTRIES; UNION
SUPPLY MEDIA/UNION SUPPLY
GROUP BOARD OF DIRECTORS AND
SHAREHOLDERS, Rancho Dominguez,
California,

    Defendants - Appellees.
_____

No. 16-1437
(D.C. No. 1:15-CV-01295-PAB-KMT)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **MATHESON**, **McKAY**, and **MORITZ**, Circuit Judges.

_____

Delmart E.J.M. Vreeland, II, a Colorado state prisoner proceeding pro se, appeals the district court's order dismissing his 42 U.S.C. § 1983 action and state law claims under Fed. R. Civ. P. 12(b)(6). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

Vreeland purchased an electronic tablet through a company under contract with the Colorado Department of Corrections (CDOC). Vreeland complains that the tablet was not of the quality advertised and expected. Even so, he relied on it heavily to store legal materials from the many lawsuits he has filed in state and federal courts, though he maintained paper copies of those documents at his home too. Vreeland claims that prison officials confiscated the tablet and other property from him while he was an inmate at the Fremont Correctional Facility, causing a host of problems. He filed grievances within the prison system, which were denied, so he ultimately filed this § 1983 action. He alleges that numerous employees of the CDOC violated his constitutional rights, as well as state law, by seizing the tablet and other property. He also alleges that the company that sold the tablet falsely advertised the product.

The district court whittled down the claims in Vreeland's initial complaint via a series of orders. During its initial review under 28 U.S.C. § 1915A and D.C.COLO.LCivR 8.1(b)(2) and (3), the court dismissed his due process claims for

2

loss of personal property and unlawful segregation as legally frivolous and ordered him to amend the complaint to correct serious deficiencies in the remaining claims. Vreeland next submitted a proposed amended complaint, together with a motion to exceed the 30-page limit and attach a series of exhibits. The court denied his motions and again directed him to submit an amended complaint that complies with the Federal Rules of Civil Procedure and local rules. That brings us to the amended complaint dated October 1, 2015, which includes a long list of federal and state claims against seven CDOC employees.[1]

Vreeland's primary § 1983 claim is for a violation of his access to the courts. He contends the seizure of the tablet impeded him from pursuing existing lawsuits and from filing new ones before the statutes of limitation expired; he also says CDOC employees hindered court access when they shared the contents of his tablet (including privileged attorney-client communications) with defendants in other civil cases, giving them an unfair advantage. In addition, Vreeland asserts a violation of his First Amendment rights because the seizure was in retaliation for the filing of lawsuits. And he asserts a violation of his Fourth and Sixth Amendment rights because the seizure was illegal, interfered with privileged attorney-client communications, and infringed on his privacy rights. Finally, he sues for false advertising in violation of 15 U.S.C. § 1125(a)(1)(B) of the Lanham Act.

---

[1] Because the identity of the various actors in this case does not affect the legal analysis, we do not pinpoint which defendants are associated with which claims.

For his state law claims, Vreeland alleges loss and destruction of private property, conversion, violation of ex post facto laws, due process violations, copyright and trademark infringement with respect to the tablet's contents, and false advertising in violation of the Colorado Consumer Protection Act. He seeks the return of the tablet, hundreds of thousands of dollars in compensatory damages, and millions of dollars in punitive damages.

The district court reviewed the amended complaint for frivolousness as well, per § 1915A. It dismissed the Fourth and Sixth Amendment, ex post facto, copyright and trademark infringement, and due process claims as legally frivolous. It also dismissed as legally frivolous the portion of the access to courts claim alleging that CDOC officials provided the tablet's contents to defendants in other civil cases. The remaining claims were assigned to a different district judge and magistrate judge.

After this reassignment, the CDOC employees filed a Rule 12(b)(6) motion to dismiss all claims. They attacked the substance of the claims and also asserted immunity under the Eleventh Amendment, the qualified immunity doctrine, and the Colorado Governmental Immunity Act, as appropriate for each claim. During the same time period, the district court ordered Vreeland to show cause why his claims against the remaining two defendants (CDOC's canteen director and the tablet manufacturer) should not be dismissed for failure to effectuate proper service under Fed. R. Civ. P. 4(m).

The magistrate judge recommended a grant of the Rule 12(b)(6) motion to dismiss, as well as dismissal of the claims against the two unserved defendants. She

4

also dismissed the official-capacity claims against the CDOC employees for lack of subject matter jurisdiction based on Eleventh Amendment sovereign immunity principles. Vreeland filed objections to that Report and Recommendation (R&R), but the district court accepted much of the R&R and dismissed the case in its entirety.

Vreeland now appeals the dismissal and a few of the district court's earlier rulings—namely (1) the repeat directives to submit an amended complaint to cure deficiencies; (2) the frivolousness determination for the due process, Fourth Amendment, Sixth Amendment, ex post facto, copyright and trademark infringement, and due process claims, as well as part of the access to courts claim; and (3) the denial of his motion to exceed page limitations for his amended complaint.

## ANALYSIS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) ("A plaintiff must nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss." (alteration and internal quotation marks omitted)).

Applying this standard, the district court concluded that six of Vreeland's claims fail to state a plausible claim, while the remaining five claims are legally frivolous. We review the resulting Rule 12(b)(6) dismissal de novo. *SEC v. Shields*, 744 F.3d 633, 640

5

(10th Cir. 2014). "Because [Vreeland] proceeds pro se, we construe his pleadings liberally." *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

The magistrate judge and the district judge parsed through each of Vreeland's claims and painstakingly considered and rejected his legal arguments, while appropriately accounting for his pro se status. The district court accepted most of the magistrate judge's recommendation on the federal claims and dismissed them with prejudice. Within the framework of Vreeland's objections to the R&R, the district court went through each of the cases referenced in the access to courts claim and concluded he did not demonstrate that the seizure of the tablet prevented him from filing complaints in other matters or effectively litigating existing matters. It also explained why Vreeland did not prove that the seizure and the CDOC employees' purported review of privileged communications helped any defendant gain an unfair advantage in other pending cases. Last, the district court discussed in detail the many ways in which Vreeland failed to support the remaining federal claims.

The district court did not base its dismissal on immunity grounds. The magistrate judge determined that the CDOC employees were entitled to qualified immunity because of Vreeland's failure to state a claim for a constitutional violation, but the district court did not consider this part of the R&R. Nor did the district court discuss or adopt the recommendation that the state law claims be dismissed with prejudice under the CGIA (except for the false advertising claim, which should be dismissed for lack of diversity jurisdiction). Instead, the district court concluded the state law claims do not meet the diversity jurisdictional threshold, declined to

6

exercise supplemental jurisdiction over them, and dismissed them without prejudice. And with the state law false advertising claim no longer in play, the district court found it was unnecessary to serve the tablet manufacturer.

We discern no error in the Rule 12(b)(6) dismissal. Vreeland does not advance any meritorious arguments on appeal to counter the district court's findings or its earlier rulings directing him to submit an amended complaint that complies with the Federal Rules of Civil Procedure and local rules. Consequently, we affirm for the reasons stated in the district court's thorough and well-reasoned order dated September 26, 2016.

But we also agree with the magistrate judge's determination that Vreeland's federal and state claims should be dismissed with prejudice based on qualified immunity and the CGIA, respectively. When a public official invokes qualified immunity, a court must grant immunity if the plaintiff fails to establish the violation of a constitutional right and show this right was clearly established at the time of the alleged misconduct. *Leverington v. City of Colo. Springs*, 643 F.3d 719, 732 (10th Cir. 2011). As discussed above, there was no constitutional violation here. And the CGIA insulates the CDOC employees from liability for the state law claims because Vreeland has neither sufficiently alleged nor established that their behavior was willful and wanton. *See* Colo. Rev. Stat. § 24-10-118(2)(a). We therefore affirm on immunity grounds as well. *See GF Gaming Corp. v. City of Black Hawk, Colo.*, 405 F.3d 876, 882 (10th Cir. 2005) ("This court can affirm the district court's dismissal on any ground sufficiently supported by the record.").

7

**CONCLUSION**

The district court gave Mr. Vreeland several opportunities to amend his complaint, but each version continued to be plagued with deficiencies. We agree with the district court's determination that those deficiencies warrant dismissal of his amended complaint under Rule 12(b)(6), and we affirm.

Entered for the Court


Nancy L. Moritz
Circuit Judge

8